JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

RICHARD C. CHENG (CSBN 135992)
Assistant U. S. Attorney

    150 Almaden Boulevard, 9th Floor
    San Jose, California 95113
    Telephone: (408) 535-5032
    Fax: (408) 535-5066
    e-mail: richard.cheng@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. CR 09-00719-MHP |
|     Plaintiff, ) | |
| ) | STIPULATION OF PARTIES |
| ) | FOR CONTINUANCE OF |
| v. ) | STATUS HEARING |
| ) | AND [PROPOSED] ORDER |
| GREGORY ALEXANDER, ) | |
| ) | San Francisco Venue |
|     Defendant. ) | |

      With the agreement of the parties, and with the consent of the defendant Gregory Alexander, the Court enters this order (1) vacating the first motion hearing for the defendant Gregory Alexander, currently set for April 21, 2010 at 10:00 a.m.; and (2) setting a new motion hearing for the defendant Gregory Alexander for June 18, 2010 at 10:00 a.m.. The parties agree, and the Court finds and holds, as follows:

      1.    The defendant Gregory Alexander was indicted for multiple counts of unauthorized access of a protected computer and aggravated identity theft on July 15, 2009. Mr. Alexander was represented by retained counsel Seth Chazin, and entered not guilty pleas before Magistrate Trumbull in San Jose, California on July 17, 2009.

|   |   |   |
|---|---|---|
| 1 |  | On that same day, Mr. Alexander was released on a personal appearance bond of |
| 2 |  | $100,000 secured by the signatures of two financially responsible adults. He was |
| 3 |  | thereafter instructed to appear before Judge Whyte in San Jose on August 24, 2009 |
| 4 |  | at 9:00 a.m. for a status hearing. |
| 5 | 2. | On July 28, 2009, Magistrate Trumbull issued an order appointing the Federal |
| 6 |  | Public Defender to represent Mr. Alexander. AFPD Lara Vinnard was assigned to |
| 7 |  | represent Mr. Alexander. , |
| 8 | 3. | On July 31, 2009, a Notice of Related Case was filed by AFPD Vinnard, relating |
| 9 |  | the instant criminal case to an on-going civil matter CV-08-05126-MHP. The |
| 10 |  | United States did not oppose the request to relate the criminal matter. |
| 11 | 4. | On August 11, 2009, this Court issued an order relating the criminal case. On that |
| 12 |  | same date a notice of substitution of counsel was filed designating AFPD Elizabeth |
| 13 |  | Falk as assigned counsel to Mr. Alexander. |
| 14 | 5. | On August 11, 2009, pursuant to the Order Relating Case, Judge Whyte and Judge |
| 15 |  | Magistrate Seeborg was no longer assigned to the criminal matter and all dates |
| 16 |  | were previously set were ordered vacated. |
| 17 | 6. | On January 25, 2010, this Court issued an order at the request of the defense and |
| 18 |  | with the agreement of the United States, amending the briefing schedule for pre- |
| 19 |  | trial motions, to include a motions due date of March 1, 2010. |
| 20 | 7. | The defense thereafter filed three separate pre-trial motions, to include a motion for |
| 21 |  | a Bill of Particulars filed on March 1, 2010, and Motion for Discovery of All |
| 22 |  | Communications between the Government and Subpoenaed Parties; and Motion for |
| 23 |  | Dismissal of Aggravated Identity Theft Charge, both filed on March 2, 2010. |
| 24 | 8. | In light of the fact the factual inquiries and allegations contained in the defendant's |
| 25 |  | moving papers, it has been necessary to enlist the assistance and expertise of the |
| 26 |  | investigating agent Kyle Haynes, United States Secret Service. Agent Haynes |
| 27 |  | however has been difficult to impossible to reach, having been consistently |
| 28 |  | assigned to a number of protection assignments to include the King of Jordan, |

        protective duties of a number of heads of state at the Conference of Nuclear Nations in Washington, D.C., and a extended detail to the United States Secret Service offices in the United Kingdom.  I have received a e-mail from Agent Haynes, who indicates that he will be returning to from London on June 14, 2010.  Because Agent Haynes is a necessary witness to the pre-trial motions, the Government has requested the motion hearing date be continued to a date available to both to the defendant, defense counsel and to the Court.

9. Further, pursuant to the request of the defense counsel, counsel for the United States will file an signed declaration from Agent Haynes regarding the factual inquires made within the defendant's moving papers.

10. The parties, including defendant Gregory Alexander agree to a waiver of time for the purposes of the Speedy Trial Act and agree that the period of time between April 21, 2010  through June 18, 2010 may be excluded in light of the need  for additional time for continuity of counsel and adequate defense preparation.

SO STIPULATED.

JOSEPH P. RUSSONIELLO  
United States Attorney

DATED: _____

_____  
RICHARD C. CHENG  
Assistant U.S. Attorney

DATED: _____

_____  
ELIZABETH FALK  
Assistant Federal Public Defender  
Attorney for Defendant

|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. CR 09-00719-MHP |
|---|---|---|
| Plaintiff, | ) | |
| | ) | [~~PROPOSED~~] ORDER |
| v. | ) | |
| GREGORY ALEXANDER, | ) | |
| Defendant. | ) | |

For the reasons stated in the parties Stipulation To Continue Sentencing, and for good cause shown, the Court vacates the April 21, 2010 motions hearing date with respect to the defendant Gregory Alexander, and sets a new pre-trial motions hearing date of June 18, 2010, at 10:00 a.m.

Further, based upon the representation of counsel and for good cause shown, the Court finds that failing to exclude the time between April 21, 2010 and June 18, 2010 would unreasonably deny the defendant continuity of counsel and would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further finds that the ends of justice served by excluding the time between April 21, 2010 and June 18, 2010 from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial.

1     Therefore, IT IS HEREBY ORDERED that the time between April 21, 2010 and June 18, 2010 shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

DATED: 4/22/2010

IT IS SO ORDERED

Judge Marilyn H. Patel

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA