United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 09-00719 MHP |
| v. | **MEMORANDUM & ORDER** |
| GREGORY ALEXANDER, | **Re: Defendant's motions to dismiss count 35; for a bill of particulars; for discovery; and for sanctions** |
| Defendant. | |

Defendant Gregory Alexander ("Alexander") is charged in a thirty-five count indictment. Counts 1 through 34 allege felony violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(2)(c), and count 35 alleges aggravated identity theft, 18 U.S.C. § 1028A(a)(1). Now before the court are four separate pretrial motions filed by Alexander: (1) a motion for a bill of particulars to require the government to provide additional details to support the CFAA counts, Docket No. 42; (2) a motion to compel the government to produce certain documents related to the investigation into Alexander's conduct, Docket No. 43; (3) a motion to dismiss count 35 of the indictment, Docket No. 44; and (4) a motion seeking various relief as a consequence for the government's failure to timely respond to the three previously-mentioned motions, Docket No. 49.

The indictment alleges that on thirty-four separate occasions, Alexander accessed, without authorization, the Yahoo! email account of Randall Hough, one of the board members of the United States Chess Federation ("USCF"). These thirty-four intrusions into Hough's account correspond with the thirty-four counts of violations of the CFAA and also form the basis for the aggravated

identity theft charge. Although none of the factual background related to this allegedly criminal conduct is included in the indictment, the government, in its late-filed opposition to Alexander's motions, describes how Alexander's actions were part of an internal power struggle among the USCF board members.

The indictment filed by the government in this case is as factually and legally deficient as any the court has seen in its experience. Counts 1 through 34 charge Alexander with accessing another individual's Yahoo! email account and thereby obtaining information. 18 U.S.C. section 1030(a)(2)(c) states that "[w]hoever intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains information from any protected computer" shall be punished. A violation of subparagraph (a)(2) is a misdemeanor, *see* 18 U.S.C. § 1030(c)(2)(A), unless the government proves that

> (I) the offense was committed for purposes of commercial advantage or private financial gain;
>
> (ii) the offense was committed in furtherance of any criminal or tortious act in violation of the Constitution or laws of the United States or of any State; or
>
> (iii) the value of the information obtained exceeds $5,000

*Id.* § 1030(c)(2)(B). If the government establishes any one of those three aggravating circumstances, a violation of subsection (a)(2) is a felony, punishable by a fine or imprisonment not more than five years. *Id.*

The indictment includes only one allegation that could possibly be construed as alleging a violation of the CFAA under subsection (c)(2)(A). Paragraph 7 of the indictment states that "Gregory Alexander intentionally and without authorization accessed a protected computer, to wit: the email server operated by Yahoo administering the e-mail account randallhough@yahoo.com, by means of interstate communications, and thereby obtained information from said protected computer, . . . All in violation of 18 U.S.C. §§ 1030(a)(2)(c) and (c)(2)(B)(ii)." Although the indictment purports to allege a violation of the CFAA's felony provision, subsection (c)(2)(B)(ii), nowhere does it allege the statutory language of that provision, nor does it include any factual allegations from which it could be inferred that Alexander's computer intrusions were "in

furtherance of any criminal or tortious act in violation of the Constitution or laws of the United States or any State." In other words, it fails to allege any tortious or criminal conduct that would invoke subsection (c)(2)(B)(ii). This obvious facial shortcoming in the indictment, for which the government, at the hearing on the motion, had no explanation, requires that the court construe counts 1 through 34 as charging Alexander with misdemeanor violations of the CFAA. In fact, the government conceded as much at the hearing.

Having concluded that the indictment only alleges misdemeanor violations of the CFAA, the court must dismiss count 35. Count 35 of the indictment charges Alexander with aggravated identify theft in violation of 18 U.S.C. section 1028A(a)(1). Section 1028A(a)(1) provides that:

> Whoever, during and in relation to *any felony violation* enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1) (emphasis added). A felony violation of the CFAA, 18 U.S.C. § 1030, is among the felony violations enumerated in 18 U.S.C. section 1028A(c) that can serve as a predicate for a prosecution for aggravated identity theft. However, counts 1 through 34 of the indictment only allege misdemeanor violations of the CFAA. Accordingly, count 35 must be dismissed, as it fails to include any allegations that the identity theft engaged in by Alexander was committed "during and in relation to any felony violation . . . ."

3

CONCLUSION

The court deems that counts 1 through 34 of the indictment filed against defendant allege only misdemeanors, as opposed to felonies. On its face, the indictment fails to allege that the defendant's violations of 18 U.S.C. section 1030(a)(2)(c) were committed pursuant to any of the circumstances specified in 18 U.S.C. section 1030(c)(2)(B). Accordingly, count 35 is dismissed, as the indictment fails to allege that defendant used "a means of identification" of another individual "during or in relation to any felony violation . . . ."

Within thirty (30) days of the date of this order, the government must inform defendant and the court whether it intends to seek a superseding indictment or proceed on the remaining thirty-four misdemeanor counts for violations of the CFAA.

IT IS SO ORDERED.

Dated: August 16, 2010

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California

4